# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ELLISON ROBERT BURNS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV408-161 |
| TERMINAL INVESTMENT CORPORATION,[1] | ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Pro se plaintiff Ellison Robert Burns, Jr. brought this employment, race-discrimination Title VII (42 U.S.C. § 2000e *et seq.*) case against Terminal Investment Corporation (TIC), alleging that it discharged him based on his race (black), and not because he violated company policy. Doc. 1 at 2. Moving for summary judgment,[2] doc. 26, TIC insists race

---

[1] Plaintiff originally identified this defendant as "Terminal Services" but defendant says its real name is Terminal Investment Corporation. Doc. 28 at 1. The caption has been amended. The Clerk shall amend the docket accordingly, and all subsequent filings shall conform.

[2] In the Eleventh Circuit

> [s]ummary judgment is appropriate only when the evidence, considered in the light most favorable to the nonmovant, presents no genuine issues of material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(c); *Swisher Int'l., Inc. v. Schafer*, 550 F.3d 1046, 1050 (11th Cir.2008). "A mere scintilla of

had nothing to do with it; it fired Burns for violating a "major company policy," and that was a dischargeable offense. Doc. 28 at 1-3. Burns moves for summary judgment, too. Doc. 30.

I. **GOVERNING STANDARDS**

"Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' 42 U.S.C. § 2000e-2(a)(1)." *Drake-Sims v. Burlington Coat Factory Warehouse, Inc.*, 330 F. App'x. 795, 802 (11th Cir. 2009) (Title VII race discrimination in employment case); *Holmes v. Uncle Bubba's Seafood*, 2009 WL 2046765 at * 1 n. 1 (S.D. Ga. July 13, 2009). To establish a prima facie case for disparate treatment in an employment (race) discrimination case, the plaintiff must show that:

---

evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006) (quotation marks and citation omitted).

*Drake-Sims v. Burlington Coat Factory Warehouse, Inc.*, 330 F. App'x. 795, 802 (11th Cir. 2009). Finally, courts draw all factual inferences in a light most favorable to the non-moving party. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001).

2

(1) [he] is a member of a protected class; (2) [he] was subjected to an adverse employment action; (3) [his] employer treated similarly situated employees outside of [the] protected class more favorably than [he] was treated; and (4) [he] was qualified to do the job.

*Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006); *Smith v. Sunbelt Rentals, Inc.*, 2009 WL 4672443 at * 6 (11th Cir. Dec. 10, 2009). When a plaintiff alleges discriminatory discipline, he "must show either (a) that he did not violate the work rule, or (b) that he engaged in misconduct similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct." *Jones v. Gerwens*, 874 F.2d 1534, 1540 (11th Cir. 1989); *Smith*, 2009 WL 4672443 at * 5.

Thus, the plaintiff here must point to a non-black comparator. *Smith*, 2009 WL 4672443 at * 5. And

> "the quantity and quality of the comparator's misconduct [must] be *nearly identical* to prevent courts from second-guessing employers' reasonable decisions[.]" *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999); *see also Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam) (stating that to make a comparison, the plaintiff must show that he and the comparable employee are "similarly situated in all relevant respects"). [After all, a judge] do[es] "not sit as a super-personnel department that reexamines an entity's business decisions," . . . [rather, judicial] "inquiry is limited to whether the employer gave an honest explanation of its

3

behavior." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir.2000) ( en banc ) (quotation marks and citation omitted).

*Smith*, 2009 WL 4672443 at * 6 (emphasis added); *see also Daniels v. Hale*, 2009 WL 3418586 at * 4 (11th Cir. Oct. 26, 2009) (discharged black employee of county sheriff's department, who worked as public safety dispatcher, failed to establish that her employer treated similarly situated employees outside her protected class more favorably than she was treated, as would support her prima facie case of discrimination under Title VII based on her termination; unlike plaintiff, the white male comparator co-worker was initially slow in performing his duties as dispatcher, but eventually became proficient at his job, and co-worker did not receive continuing complaints or make same errors that employee had); *Holmes*, 2009 WL 2046765 at * 3-4 (employee failed to establish a prima facie case of racial discrimination where he showed only that he was fired for arguing with a co-worker and his claim that the white co-worker was rehired went evidentially unsupported; plaintiff also failed to show that he was treated differently than white workers who were caught vociferously arguing with others -- only plaintiff adverted to using a gun and that "[t]his is how white people get killed," while whites used tamer language).

4

Once a plaintiff establishes a prima facie case (which, here, requires Burns to show that a non-black comparator exists and was treated more favorably), the burden shifts to the employer set forth a legitimate, non-discriminatory reason for the discharge. The employer's burden -- to set forth a legitimate, non-discriminatory reason -- is "exceedingly light," so once it meets it the burden shifts back to the plaintiff to show that the proffered reason is pretextual (i.e., that the employer's proffered reason is essentially a lie). *Saridakis v. South Broward Hosp. Dist.*, ___ F. Supp. 2d ___, 2009 WL 5214969 at *10 (S.D. Fla. Dec 28, 2009). In that regard,

> "[a] plaintiff may show pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Corbitt v. Home Depot U.S.A., Inc.*, No. 08-12199, 2009 WL 4432654, at *20 (11th Cir. Dec. 4, 2009) (internal quotation marks and citations omitted). " '[A] plaintiff withstands summary adjudication by producing sufficient evidence to allow a reasonable finder of fact to conclude that the defendant's articulated reasons for its decision are not believable.' " *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting *Howard v. BP Oil Co.*, 32 F.3d 520, 526 (11th Cir. 1994)). "In evaluating a summary judgment motion, '[t]he district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.' " *Id.* (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)).

5

*Saridakis*, 2009 WL 5214969 at *10. "The ultimate burden of persuasion with respect to whether 'the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' *Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1347 (11th Cir.2007) (per curiam)." *Drake-Sims*, 330 F. App'x. at 802; *see also Johnson v. City of Mobile, Ala.*, 321 F. App'x 826, 830-31 (11th Cir. 2009).

## II. ANALYSIS

It is undisputed that TIC sells, leases, and maintains a fleet of seaport terminal tractor trucks. Doc. 27 at 1 ¶ 1; doc. 32. Burns commenced working for TIC as a tractor truck driver on April 13, 2007. Doc. 27 at 1 ¶ 2. He knew TIC prohibited its employees from working for TIC's customers and expressed his dislike of that policy. *Id.* ¶ 3.

Just months into his job, he received unsatisfactory performance comments from his immediate (black) supervisor, Demetrius Moore, for failing to be present and on-time. *Id.* ¶ 4; doc. 28 at 11 ¶ 12. Worse, on August 13, 2007, Moore spotted him working for one of TIC's customers. Doc. 27 at 2 ¶ 5. Moore concluded that Burns knew he was violating the outside-work rule when Burns made a "shushing" motion to Moore while driving a customer's truck. Doc. 27 at 2 ¶ 6; *see also* doc. 28 (Moore Aff.) at

6

2 ¶¶ 6-7. TIC fired Burns on August 15, 2007, after Moore concluded with a higher-up (white) supervisor that Burns had been scheduled to work but "no-call, no-showed" on August 13-14, and instead worked for a customer those days. *Id.* ¶ 6; doc. 28 (Moore Aff.) at 9-10 ¶¶ 7-8.

Burns at most points to only peripheral factual disputes here.[3] More importantly, he has failed to rebut the affidavit from the one white comparator on which he pins his entire case: Barrett L. Gergacs. Gergacs attests that he worked for TIC "on and off from May 1995 until July 25, 2007." Doc. 28 at 5 ¶ 2. He *never* worked for any TIC customers while employed by TIC, resigned on July 25, 2007, and commenced working for the Georgia Ports Authority on July 30, 2007. *Id.* ¶¶ 3-5.

---

[3] He says he was promoted and received a raise during those four months. Doc. 32 at 1-2 ¶ 3. TIC does not deny this but also says he was later sanctioned and fired for violating company policy. Doc. 28 at 11 ¶ 12; doc. 37 at 6-7 (Cavin Aff.). Burns also insists that he had off those two days. Doc. 32 at 3. However, TIC fired him for being absent *and* for violating TIC policy against working for a customer, and Burns does not dispute that he worked for a TIC customer during those two days. Moore, for that matter, attests that he believed Burns had been scheduled to work those two days and that if he was wrong about that then he was simply mistaken. Doc. 28 at 10 ¶ 9 (Moore posted the work schedule but employees could swap days among themselves and Moore concedes he did not check the schedule so he could not be sure, but assumed that Burns had been scheduled to work those days). In any event, "the law permits employers to discharge employees mistakenly, *see, e.g., Ekokotu v. Boyle*, 294 F. App'x 523, 526 (11th Cir.2008), so even if plaintiff's manager was mistaken . . . at most [Burns] has shown a mistaken reason, rather than a Title VII-violating reason, which does not assist his case." *Holmes*, 2009 WL 2046765 at * 3.

Burns merely claims otherwise in his Local Rule 56 statement: Gergacs "was allowed to resigned [sic] after receiving employment by [a TIC customer." Doc. 32 at 2 ¶ 4. But of course, Burns does not say *when* Gergacs received such employment (conveniently ignoring the fact that it is normal for an employee to find a better job, then quit in order to take it, and of course does not need his employer to "allow" him to do so). The Court construes the factual inferences in Burns's favor; hence, Burns means to say that Gergacs worked for a TIC customer *while* employed by TIC. Nevertheless it is now "put up or shut up time" (for a Rule 56 summary judgment motion has been filed), and Burns's failure to rebut Gergac's affidavit (that Gergac in fact did *not* work for a competitor while employed by TIC) with *competent* counter-evidence is fatal to his case. He cannot simply rest on his pleadings or "no, it's not so!" insistences in his briefs.

The undisputed facts, then show that *no* comparable non-black employee committed the same sort of offense *and* was treated more favorably than Burns. Plaintiff therefore has failed to establish a prima facie case. TIC need not show anything further, then, as Burns's case ends right there. *See, e.g., Seldon v. Total System Services, Inc.*, 653 F. Supp. 2d

1349, 1369-72 (M.D. Ga. 2009) (black female employee failed to meet her burden of producing evidence of a comparator who was insubordinate and uncooperative on multiple occasions and to the same degree as employee and was afforded more favorable treatment, and she also failed to show that race or gender-based discrimination played a role in employee's discipline, and thus, employee failed to establish a prima facie case of discriminatory discipline; defendants were thus entitled to summary judgment on this claim). TIC therefore is entitled to summary judgment and dismissal of plaintiff's case against it, with prejudice. Accordingly, TIC's motion for summary judgment (doc. 26) should be **GRANTED**, Burns's cross-motion for summary judgment (doc. 30) should be **DENIED**, and this case should be **DISMISSED**. Meanwhile, the Clerk shall amend the caption on the docket. *See supra* n. 1.

**SO REPORTED AND RECOMMENDED** this  10th  day of March, 2010.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA